UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

CASE NO.: 4:23-cv-00028-P

CAMERON GRIST,

    Plaintiff,

vs.

BURNETT'S STAFFING, INC. and
FIRST AMERICAN PAYMENT SYSTEMS, L.P.

    Defendants.
_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, CAMERON GRIST (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and sues the Defendants, BURNETT'S STAFFING, INC. ("BSI") and FIRST AMERICAN PAYMENT SYSTEMS, L.P. ("FAPS"), and alleges as follows:

## INTRODUCTION

1. This is a proceeding for compensatory damages, punitive damages, costs and attorneys' fees to remedy racial and color discrimination, along with retaliation affecting the terms, conditions and privileges of employment, and to redress the deprivation of rights secured to the Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended ("Act") and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981").

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to the Act.

3. Venue is proper as all claims asserted herein arose in this judicial district.

4. At all times material hereto, the Plaintiff was/is a citizen of the United States, a

resident of Texas, sui juris, and a former employee of BSI, who had been assigned to be staffed at FAPS' location.

5. At all times material hereto, the Plaintiff was and continues to be an African-American, and is a member of a protected class within the meaning of the Act and Section 1981.

6. At all times material hereto, the Plaintiff was an employee within the meaning of the Act.

7. At all times material hereto, BSI was a Texas corporation doing business in this judicial district, a former employer of the Plaintiff, and was, and is, an employer within the meaning of the Act.

8. At all times material hereto, FAPS was a Texas corporation doing business in this judicial district, where Plaintiff was staffed at, and falls within 1981.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. The Plaintiff has fulfilled all conditions precedent to the institution of this action, including the receipt of his Right to Sue from the US EEOC against BSI.

## STATEMENT OF FACTS

9. The Plaintiff began working for BSI, a staffing agency, wherein he was assigned to work at FAPS on January 19, 2021.

10. Plaintiff was an exemplary employee exhibiting solely satisfactory behavior during his time at FAPS.

11. On March 12, 2021, Plaintiff met with FAPS' HR manager, Tessie Jasso, and informed her that his supervisor, Justin Barnett, was discriminating against Plaintiff by treating him worse than his similarly situated non-African-American co-workers.

12. Plaintiff explained that this treatment of racial aggression has been similarly

portrayed to several other African American employees as well, including name-calling, belittling, and an overall hostile environment.

13. During the phone meeting in which Plaintiff's race-based experiences were shared, Ms. Jasso also included the VP of FAPS, Cary Dugger, on the call.

14. After the phone meeting that day, Plaintiff's colleague, Krystle Turner (African-American) overheard Mr. Barnett and his colleagues make threatening comments about Plaintiff.

15. Specifically, Mr. Barnetts's colleague asked," Who's going to write (Cameron Grist's) will?"

16. Mr. Barnett responded, "He's going to write it from the grave".

17. Ms. Turner advocated on Plaintiff's behalf and reported these threats to Mr. Dugger that same day.

18. While Mr. Dugger indicated to Ms. Turner that he would look into these complaints, including the death threats of an African-American worker who was complaining of racial discrimination, nothing was done in response, leaving Plaintiff to continue to work in this discriminatory and hostile environment.

19. Several weeks later, on March 25, 2021, Plaintiff was suddenly informed that by BSI's branch manager, Yvonne Logan, that he was being terminated by FAPS, and no longer able to work at their location.

20. At the time of termination, Ms. Logan advised Plaintiff that BSI would find an additional placement for Plaintiff.

21. However, neither Ms. Logan nor anyone of BSI contacted Plaintiff about a new position.

22. Moreover, Plaintiff repeatedly contacted BSI to attempt to find new placement, but

his calls/texts were never returned, effectively ending his employment with BSI.

## COUNT I
## BSI --- ACT ---  RETALIATION

23.     The Plaintiff incorporates by reference paragraphs 1- 22 herein.

24.     BSI's discharge and refusal to attempt to place Plaintiff in a new staffing position was, in whole or in part, in retaliation for his complaints of racial discrimination to BSI's client, FAPS.

25.     BSI has denied the Plaintiff continued staffing opportunities in retaliation for him lawfully having engaged in a statutorily protected activity and as a result of his complaints of racial discrimination.

26.     BSI's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of BSI's unlawful and retaliatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

        a.     Damage to reputation, confidence and self-esteem;

        b.     Loss of past and future income;

        c.     Loss of future earning capacity;

        d.     Loss of other fringe benefits;

        e.     Stress, anxiety and emotional distress;

        f.     Significant past and future pain and suffering; and

        g.     Other financial losses.

27.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, CAMERON GRIST, requests that judgment be entered against the Defendant, BURNETT'S STAFFING, INC., for damages available under the Act, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II
## FAPS --- SECTION 1981 — RACE DISCRIMINATION

28. The Plaintiff incorporates by reference paragraphs 1- 22 herein.

29. FAPS discriminated and harassed the Plaintiff due to his race, and refused to permit the Plaintiff to work at FAPS' location based upon his race and protected class status.

30. This unlawful discriminatory action by FAPS and its agents were intentional, willful, malicious and with gross disregard for the Plaintiff's rights under Section 1981.

31. As a direct and proximate result of FAPS unlawful and discriminatory conduct, the Plaintiff has suffered damages, and will continue to suffer irreparable injury and damages in the future.

WHEREFORE, the Plaintiff, CAMERON GRIST, respectfully requests that judgment be entered against the Defendant, FIRST AMERICAN PAYMENT SYSTEMS, L.P., for all recoverable damages, including punitive, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues triable as of right by a jury.

Dated: January 27, 2023.                    Respectfully submitted,

                                                    Law Offices of Levy & Levy, P.A.
325 N. Saint Paul Street, Suite 3100
Dallas, Texas 75201
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*s/ Chad Levy*
CHAD E. LEVY, ESQ.
T.B.N.: 24117779

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 27, 2023, a true and correct copy of the foregoing document was served upon Defendant's counsel of record via the Court's ECF system as follows:

Michael C. Kelsheimer, Esq.
Texas Bar No. 24029360
mkelsheimer@graygreed.com
J. Travis Nadalini, Esq.
Texas Bar No. 24132308
tnadalini@grayreed.com
GRAY REED & MCGRAW LLP
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
*Counsel for Defendant*

*s/Chad Levy*
CHAD E. LEVY, ESQ.